**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ADRIAN EGUIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:15-CV-368-TLS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

The Petitioner, a pro se prisoner, filed a habeas corpus petition [ECF No. 1] challenging a June 18, 2015, prison disciplinary hearing (WCC 15-06-108) where the disciplinary hearing Officer (DHO) found him guilty of "Threatening" in violation of B-213, and sanctioned him with the loss of 30 days earned credit time and demoted him to credit class 2. The Petitioner lists only one ground in his Petition, but he raises two separate arguments.

The Petitioner argues that he was unable to present video evidence of the incident at issue. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (finding that due process requires access to witnesses and evidence that are exculpatory). However, it is unclear when (or whether) the Petitioner requested video evidence. The screening report indicates that he did not request any physical evidence. (ECF No. 5 at 3); *see also Miller v. Duckworth*, 963 F.2d 1002, 1004 n. 2 (7th Cir. 1992) (finding that a prisoner "cannot wait until the day of the hearing" to request to call witnesses.) Nevertheless, even if the Petitioner had made a timely request for evidence, he acknowledges that there were no cameras in his dorm. Because it appears that no video evidence existed, the DHO did not deny him due process by refusing to consider non-existent evidence.

The Petitioner also argues that there was insufficient evidence to find him guilty. In determining whether there is sufficient evidence in a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). In light of the "lenient standard" described above, even a conduct report may be sufficient evidence to support a guilty finding. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. The reporting officer states in the conduct report that "[the Petitioner] turned around on me quickly, clenched his fists, and lunged at me and yelled 'Fuck you, you bitch ass CO, I'll beat your fucking ass!!'." (ECF No. 5 at 5.) This statement, standing alone, is more than sufficient evidence to have found the Petitioner guilty of threatening. Although the Petitioner argues that he and other witnesses testified that he did not threaten the correctional officer, it is for the DHO to make that credibility determination, not this Court. *See McPherson*, 188 F.3d at 786.

Additionally, after filing his habeas corpus petition, the Petitioner filed two separate motions [ECF Nos. 4–5]. In a Motion to Submit Documentary Evidence [ECF No. 5], the Petitioner asks the Court to accept various documents related to his prison disciplinary hearing. This was unnecessary. In the Court's prior Order [ECF No. 3], the Petitioner was granted leave to "provide any other relevant documents that he has or can obtain." (*Id.* at 2.) And in a Motion to Proceed [ECF No. 4] the Petitioner asks the Court to "fast track these proceedings and enter any

other order it deems appropriate." (*Id.* at 3.) Because the Court found that the nature and circumstances of this case do not warrant an expedited timeline for adjudication, this Motion is also without merit.

For these reasons, the Petitioner's Motion to Proceed [ECF No. 4] and Motion to Submit Documentary Evidence [ECF No. 5] are **DENIED**, and the Petitioner's habeas corpus petition [ECF No. 1] is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4. The Clerk of the Court is **DIRECTED** to close this case.

SO ORDERED on March 29, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION